## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## JARVA INCORPORATED, Respondent.

### No. 78–1285.

United States Court of Appeals, Sixth Circuit.

June 25, 1980.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Michael Winer, Walter Schumann, Washington, D. C., Bernard Levine, Director, Region 8, N.L.R.B., Cleveland, Ohio, for petitioner.

George V. Gardner, Washington D. C., Asa Ambrister, Gardner, Ambrister & Smith, Nashville, Tenn., for respondent.

Before LIVELY, MERRITT and KENNEDY, Circuit Judges.

### ORDER

The National Labor Relations Board has applied for enforcement of its order issued against respondent Jarva Inc. (reported at 235 N.L.R.B. 1047 (1978)). The Board found that Jarva violated Section 8(a)(1) of the National Labor Relations Act by prom-

484

ising and granting wage increases for the purpose of influencing employees not to support the Union. Jarva does not contest this finding.

The Board also found that Jarva engaged in coercive interrogation and surveillance of employees' union activities. Jarva contests this finding only as it relates to two statements made by supervisor Marchetti. The record shows that a number of employees were in the parking lot discussing organizing activities when Marchetti walked toward the group to get his car to go home. One of the employees, Bratcher, held up a Union card and jokingly asked Marchetti if he wanted to sign one. A few days later Bratcher and another employee were engaged in a conversation regarding the Union when Marchetti came up. According to Bratcher, he and Marchetti "were jokin' and in a joking way we were talking about the union and Mike (Marchetti) told me that he knew that I would be—that I was the instigator that I would be the head committeeman once they got the union in". The next week Bratcher and another employee, Crosby, together with Marchetti, were discussing the Union, according to Bratcher, again in a joking manner. Marchetti said that Bratcher would be the committeeman and Crosby would be the steward. Crosby at a Company meeting had called out to Marchetti to sign a union card. None of the employees involved indicated any feeling of coercion and all agreed that the conversations were conducted in a joking manner on both sides.

Based upon the record as a whole, we cannot accept the Board's conclusion that these statements, admittedly made jokingly, are evidence of surveillance or interrogation. There is nothing threatening or coercive in the words themselves and the employees who heard, accepted them as part of a joking exchange. The supervisor was not making an inquiry of the employees to determine their union sympathies. These employees had already made known their position when they asked Marchetti to join the Union.

We affirm the balance of the Board's findings of coercive interrogation and surveillance. The remaining findings justify the imposition of the cease and desist order issued by the Board.

We further find that there is substantial evidence on the record as a whole to support the Board's finding that Jarva violated the Act by discharging and failing to reinstate employees Bratcher and Miller because they engaged in protected union activities.

Accordingly, the Board's application for enforcement of its order is granted.